UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MAURICE C. POLK,

  Plaintiff,

v.              CAUSE NO. 3:19-CV-402-DRL-MGG

ELKHART COUNTY JAIL *et al.*,

  Defendants.

OPINION AND ORDER

  Maurice C. Polk, proceeding *pro se*, filed a request to amend his complaint when he was a prisoner. Because Mr. Polk filed this motion within twenty-one days of service, the court grants this request. *See* Fed. R. Civ. P. 15(a)(1)(A). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "[T]o state a claim under [42 U.S.C.] § 1983, a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

  In the amended complaint, Mr. Polk alleges that, on November 13, 2018, he refused to go to the segregation unit at the Elkhart County Corrections Center. In response, four correctional officers, including Officer Headley and Officer Maddox, tackled him, held him down, and punched his face. At this time, Mr. Polk had a feeding tube in his stomach due to his gastroparesis condition; and, as a result of the attack, he had swelling on the face and stomach.

  Mr. Polk asserts a claim against Officer Headley and Officer Maddox for using force against him on November 13, 2018. Because Mr. Polk was a pretrial detainee during the use of force incident, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment.

*See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). The "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The amended complaint states a plausible Fourteen Amendment claim against Officer Headley and Officer Maddox, and Mr. Polk may proceed against those defendants.

Mr. Polk also names the Elkhart County Corrections Center as a defendant. He cannot proceed against this defendant because it is a building rather than an individual or a policymaking unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, the Elkhart County Corrections Center is dismissed.

For these reasons, the court:

(1) GRANTS the request to amend the complaint (ECF 8);

(2) GRANTS Maurice C. Polk leave to proceed against Officer Headley and Officer Maddox on a Fourteenth Amendment claim for money damages for using force against him on November 13, 2018;

(3) DISMISSES the Elkhart County Corrections Center;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Headley and Officer Maddox at the Elkhart County Corrections Center with a copy of this order and the amended complaint as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Headley and Officer Maddox to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Maurice C. Polk has been granted leave to proceed in this screening order.

SO ORDERED.

November 14, 2019 *s/ Damon R. Leichty*
Judge, United States District Court